IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER THOMAS, | ) | |
| | ) | Civil Action No. 2:23-cv-1591 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF FAYETTE, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JENNIFER THOMAS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

4. Pursuant to the violations described herein in Counts I and II, this Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count III pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.

5. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about June 5, 2023, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC")[1];

   b. The EEOC issued a Notice of Dismissal and Right to Sue dated June 9, 2023[2];

   c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

6. Plaintiff, Jennifer Thomas, is an adult female individual residing in Fayette County, Pennsylvania.

7. Defendant, County of Fayette, is a Pennsylvania municipal corporation with offices located at 61 East Main Street, Uniontown, Pennsylvania 15401.  At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8. The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

---

[1] Thereafter, Plaintiff filed a separate charge with the Equal Employment Opportunity Commission against the Defendant for retaliation, on or about August 31, 2023.

[2] Plaintiff has not yet received a Notice of the Right to Sue for her pending charge, as described hereinbefore above.

## FACTUAL ALLEGATIONS

9.     Plaintiff has been employed by the Defendant from in or about August, 2014.  Plaintiff currently holds the position of Assessor II.

10.    In or about February, 2021, Plaintiff began seeking mental health treatment and was diagnosed with attention-deficit-hyperactivity disorder (ADHD), generalized anxiety disorder, and post-traumatic stress disorder (PTSD).

11.    As a result of the aforementioned diagnosis, Plaintiff struggles with executive functioning, time management skills, organizational skills, and maintaining focus.

12.    Moreover, as a result of the aforementioned conditions, Plaintiff is often late for scheduled appointments by five (5) to ten (10) minutes.

13.    Nonetheless, Plaintiff can perform, and has performed, all of the essential functions of her position with the Defendant with little accommodation.

14.    In or about the beginning of 2022, Plaintiff was assigned a new supervisor, Jared Billy ("Billy").  At that time, Mr. Billy began over-scrutinizing the Plaintiff's work.

15.    Mr. Billy has also stated that the Plaintiff was not allowed to ask another supervisor, Sarah Byers ("Byers"), any questions regarding work and to direct all questions to him, even if Ms. Byers was directly involved in the subject of the question.

16.    Mr. Billy's conduct in this regard exacerbated the Plaintiff's above-described medical conditions.

17.    In or about May, 2022, during a meeting, Plaintiff complained to her second-level supervisor, Jim Hercik ("Hercik"), regarding Mr. Billy's conduct, and asked if she was doing anything wrong.  Mr. Hercik responded that the Plaintiff was not doing anything wrong.

18.    At or about that time, Mr. Billy, who also participated in that meeting, stated that Plaintiff

was giving him "push-back" and left prior to the meeting ending.

19. On or about June 8, 2022, Mr. Billy accused the Plaintiff of giving him "push-back" again and being "difficult" in response to a simple question.

20. Later that day, Plaintiff complained to Mr. Hercik about Mr. Billy's comments, as described hereinbefore above.

21. At the end of that workday, Mr. Billy gave the Plaintiff a directive which affected the Plaintiff's work schedule for the following day.

22. When the Plaintiff responded to Mr. Billy's directive, he accused her of "sitting in the office all day." That statement was, and is, materially false, as the Plaintiff's job requires her to make regular field visits.

23. The following day, Plaintiff requested a meeting with Mr. Hercik, Mr. Billy, and her union representative. At that time, Mr. Hercik assured the Plaintiff that she was doing nothing wrong and was performing the functions of her position.

24. Nevertheless, Mr. Billy repeated that she was giving him "push-back" and, then, proceeded to make false accusations regarding the Plaintiff's work.

25. As the meeting ended, the Plaintiff began to cry and walked to the restroom.

26. Mr. Billy commented to the Plaintiff's union representative, "Watch your friend. She is going to get fired."

27. Thereafter, Mr. Billy informed at least one (1) of the Plaintiff's co-workers that no one should speak to the Plaintiff.

28. On or about June 27, 2022, Defendant's human resources department called the Plaintiff and told her that she and Mr. Billy had to "figure it out."

29. Mr. Billy's conduct, as described herein, continued to exacerbated the Plaintiff's above-

described medical conditions and caused the Plaintiff great distress.

30. Accordingly, on or about June 22, 2022, Plaintiff formally requested an accommodation for a flexible start time, occasional breaks as needed, as well as for constructive feedback regarding the Plaintiff's work.

31. At that time, Defendant's human resources department requested that the Plaintiff's physician complete documentation regarding an accommodation request.

32. Shortly thereafter, the Plaintiff's physician completed and returned all of the requisite documentation.

33. At that time, Defendant did not deny the Plaintiff's accommodation in any way or request additional documentation.

34. In addition, Defendant allowed the Plaintiff to proceed with her employment as if she was allowed her requested accommodations, including flexible start times.

35. Therefore, Plaintiff believed that the Defendant had approved her requested accommodations.

36. After the Plaintiff requested her accommodations, as described above, Mr. Billy began making discriminatory comments about her accommodation to the Plaintiff and to her co-workers.

37. On several occasions, Mr. Billy remarked that the Plaintiff had "special privileges" and was being treated "special" because of her accommodations.

38. Moreover, he continued to create a hostile work environment.

39. On or about September 9, 2022, during an officer party for Ms. Byer's last day in the office, Mr. Billy positioned his cell phone on a window seal in the office to record a video of the Plaintiff and her co-workers, without their knowledge or consent.

40. Later that day, two detectives for the Defendant informed the Plaintiff of the video.

41. Despite Defendant's knowledge of the video, as well as the Plaintiff's previous complaints regarding Mr. Billy's conduct, he was not disciplined in any way.

42. Thereafter, the Plaintiff continued to complain to Mr. Hercik, as well as the Defendant's human resources department and commissioners, about Mr. Billy's conduct, as described herein.

43. In or about November, 2022, Plaintiff learned that Mr. Billy no longer allowed the Plaintiff to attend appeal hearings, which had been one of the Plaintiff's job duties since she started working as an assessor for the Defendant.

44. Plaintiff believes, and therefore avers, that Mr. Billy did this to continue to intimidate and harass the Plaintiff in retaliation for making previous complaints about him, as well as for requesting accommodations.

45. Mr. Billy's conduct continued to exacerbate the symptoms of the Plaintiff's disabilities, as described hereinbefore above, as well as caused the Plaintiff to suffer increased anxiety, headaches and high blood pressure.

46. On or about December 6, 2022, Plaintiff and several other employees attended a meeting with the commissioners of the Defendant to address the aforementioned complaints regarding Mr. Billy's conduct.

47. At that meeting, the commissioners stated that the Plaintiff and the other employees were not permitted to speak and that the Defendant would not take any action regarding Mr. Billy's conduct, as described herein.

48. Throughout the beginning of 2023, Mr. Billy's discriminatory conduct and comments regarding my requested accommodations continued.

49. On or about March 23, 2023, I learned that the Defendant had removed fifteen (15) hours of time worked from my applicable pay period.

50. When the Plaintiff inquired with the director of her unit about the removal of time, Plaintiff was told that her request for accommodation had been denied and that the time removed was for when she was tardy.

51. Prior to that time, Plaintiff was not made aware that her request for an accommodation had been denied, and was not provided with any reason as to why her accommodation request had been denied.

52. On or about April 17, 2023, Plaintiff was written up for being ten (10) minutes late.

53. On or about April 18, 2023, Plaintiff was informed by the Defendant's human resources department that they were reviewing her accommodations paperwork that she had submitted over one (1) year earlier, and that her request had not been approved or denied.

54. Shortly thereafter, the Defendant requested that her physician complete and return the same paperwork that was submitted nearly one (1) year earlier.

55. Nevertheless, the Defendant continued to removed time from the Plaintiff's pay.

56. Thereafter, Plaintiff was notified that the Defendant denied her request for a reasonable accommodation.

57. To date, Plaintiff continues to experience retaliation and discrimination based on her disabilities and accommodations, as described herein.[3]

58. For the reasons stated herein, Plaintiff believes, and therefore avers, that she was discriminated against by the Defendant based on her disability and/or perceived disability, ADHD, anxiety, and PTSD.

---

[3] Plaintiff details that retaliation and discriminatory conduct in her second EEOC charge, filed on or about August 31, 2023.

59.	For the reasons stated herein, Plaintiff believes, and therefore avers, that she was retaliated against by the Defendant for engaging in a protected activity, to wit, requesting a reasonable accommodation.

60.	Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination.

## COUNT I:

## AMERICANS WITH DISABILITIES ACT

61.	Plaintiff incorporates by reference Paragraphs 1 through 60 as though fully set forth at length herein.

62.	This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of a disability and/or a perceived disability with respect to her ability to perform the necessary functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of a disability or a perceived disability.  This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

63. Plaintiff believes, and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of a disability and/or a perceived disability in that she was subjected to a hostile work environment and job scrutiny to which similarly situated non-disabled employees were not subjected.

64. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered financial losses and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

65. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendant without discrimination constitutes a violation of the ADA.

66. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

    b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

    d.    that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation of the ADA;

    e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

AMERICANS WITH DISABILITIES ACT - RETALIATION

67. Plaintiff incorporates by reference Paragraphs 1 through 66 as though fully set forth at length herein.

68. This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of retaliation against the Plaintiff for engaging in a protected activity with respect to her ability to perform the necessary functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status in retaliation for her engagement in a protected activity. This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful, discriminatory, and retaliatory practices, and a make whole remedy to compensate her for her injuries, losses and damages

together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

69. Plaintiff believes, and therefore avers, that she was maliciously, willfully and intentionally retaliated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment in that she was subjected to a hostile work environment and job scrutiny to which similarly situated employee that have not engaged in a protected activity were not subjected.

70. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered financial losses and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

71. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendant without discrimination and retaliation constitutes a violation of the ADA.

72. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

    b.       that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.       that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

    d.       that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation of the ADA;

    e.       that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.       that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.       that the Court grant the Plaintiff such additional relief as may be just and proper.

                                                            JURY TRIAL DEMANDED

## COUNT III:

## PENNSYLVANIA HUMAN RELATIONS ACT

73.    Plaintiff incorporates by reference Paragraphs 1 through 72 as though fully set forth at length herein.

74.    Defendant's actions in subjecting the Plaintiff to discrimination and retaliation based on her disability, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination and retaliation in violation of the PHRA.

75.    As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

76.     The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

b.  that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of PHRA;

c.  that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

d.  that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

                    Respectfully submitted,

                    LAW OFFICES OF JOEL SANSONE

                    s/ Joel S. Sansone
                    Joel S. Sansone, Esquire
                    PA ID No. 41008
                    Massimo A. Terzigni, Esquire
                    PA ID No. 317165
                    Elizabeth A. Tuttle, Esquire
                    PA ID No. 322888
                    *Counsel for Plaintiff*

                    Law Offices of Joel Sansone
                    Two Gateway Center, Suite 1290
                    603 Stanwix Street
                    Pittsburgh, Pennsylvania 15222
                    412.281.9194

Dated: September 4, 2023